IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO DELGADO ARROYO,

    Plaintiff,

    v.

ADMINISTRACIÓN DE CORRECCIÓN, et al.,
    Defendants.

CIVIL NO.: 09-1101 (MEL)

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On September 3, 2009, Roberto Delgado Arroyo ("Delgado Arroyo"), filed an amended complaint pursuant to 42 U.S.C. § 1983 against the Administration of Corrections ("AOC"), Correctional Health Services Corporation ("CHSC"), and Dra. Maritza De la Cruz ("De la Cruz"). Plaintiff claims violations of the Fifth, Eighth, and Fourteenth Amendments based on prison officials' deliberate indifference to his medical needs while he was serving a term of imprisonment. (Docket No. 35.) Plaintiff also claims causes of action under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141 ("Article 1802"), as well as article II, sections 1, 7, and 12 of the Puerto Rico Constitution. Id. Pending before the court are a motion to dismiss filed by De la Cruz based on failure to state a claim under Fed. R. Civ. P. 12(b)(6) and plaintiff's opposition to the same. (Docket Nos. 47, 49.)

**II.    LEGAL ANALYSIS**

    **A. Motion to Dismiss Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

1

court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56) (citation omitted). Although Twombly was decided in the antitrust context, the Supreme Court has held that the standard expounded in that decision applies to "all civil actions."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).

### B. Eighth Amendment

The Eighth Amendment protects prisoners from the imposition of "cruel and unusual punishments." U.S. Const., amend. VIII. An Eighth Amendment claim "based on medical mistreatment requires more than 'an inadvertent failure to provide adequate medical care' and must involve 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006), cert. denied, 552 U.S. 847 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Deliberate indifference means that 'a prison official subjectively must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007) (quoting Burrell v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2007)). "Deliberate indifference in this context may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with 'actual knowledge of impending harm, easily preventable.'" Ruiz-Rosa, 485 F.3d at 156 (quoting Feeney, 464 F.3d at 162). To constitute a constitutional violation, the care provided must be "'so inadequate as to shock the conscience.'" Feeney, 464 F.3d at 162 (quoting Torraco v. Maloney, 923 F.2d 231, 235 (1st Cir. 1991)). However, "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation." Ruiz-Rosa, 485 F.3d at 156 (citing Feeney, 464 F.3d at 161-62).

In the instant case, Delgado Arroyo alleges that during a period of imprisonment at Bayamón 448, a correctional institution operated by the AOC, he suffered from "several diagnosed health conditions, including diabetes mellitus, chronic renal disease, hypertension and coronary artery

disease ("CAD"), all of which were known by the defendants and posed a substantial risk of serious harm." (Docket No. 35, ¶¶ 3.2, 4.1.) He claims that while incarcerated, "his CAD worsened, requiring several hospitalizations" at a cardiovascular center outside of the correctional facility, and that he underwent open heart surgery in July 2008. (Docket No. 35, ¶ 4.2.) Plaintiff states that his condition stabilized after the surgery, but that in January 2009, he again began to experience chest pain and shortness of breath, once again requiring extended hospitalization. (Docket No. 35, ¶ 4.3.) After this last hospitalization, plaintiff alleges, he "frequently complained to De la Cruz and other CHSC personnel of classic CAD symptoms and a worsening condition," but "they disregarded his symptoms and refused to refer" him for outside hospitalization during the remainder of his incarceration. (Docket No. 35, ¶ 4.4.) In light of his known medical history, plaintiff alleges, this "reckless disregard" of his medical needs led to the deterioration of his condition such that he underwent an angioplasty on June 15, 2009, which put an end to his coronary symptoms. (Docket No. 35, ¶¶ 4.5-4.7.)

Indulging all reasonable inferences in plaintiff's favor, the complaint's factual allegations regarding his medical history while incarcerated give rise to a plausible inference that defendants were aware that his coronary condition posed a risk of serious harm and recklessly chose to disregard that known risk. See Calderón-Ortiz v. LaBoy Alvarado, 300 F.3d 60 (1st Cir. 2002) (finding that complaint's allegations concerning prison officials' deliberate indifference were sufficient to survive a motion to dismiss); Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Hendrix v. Faulkner, 525 F. Supp. 435, 454 (N.D. Ind. 1981)) ("A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment.") Therefore, the request to dismiss the

Eighth Amendment claim is DENIED.

**C. Due Process**

The Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. Due Process has both substantive and procedural components. "Procedural due process requires that the procedures provided by the state in effecting the deprivation of liberty or property are adequate in light of the affected interest. Substantive due process, however, imposes limits on what a state may do regardless of what procedural protection is provided." Pittsley v. Warish, 927 F.2d 3 (1st Cir. 1991) (citing Monroe v. Pape, 365 U.S. 167, 171-72 (1961); Rochin v. California, 342 U.S. 165, 169 (1952)).

"The test for a procedural due process violation requires the plaintiff[] to show first, a deprivation of a protected interest, and second, a denial of due process." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 30 (1st Cir. 2008). Even assuming *arguendo* that defendants' alleged refusal to refer plaintiff for hospitalization constitutes deprivation of a protected interest, plaintiff has not alleged sufficient facts to plausibly suggest a denial of procedural due process. The complaint does not identify a statute or regulation governing a procedure to which plaintiff was allegedly entitled nor any unmet administrative procedures applicable to the prison personnel in their evaluation of plaintiff's medical needs. Accordingly, to the extent plaintiff claims a procedural due process violation, that claim is DISMISSED.

Plaintiff's substantive due process claim also fails. "Substantive due process is an inappropriate avenue of relief when the governmental conduct at issue is covered by a specific constitutional provision." Pagán v. Calderón, 448 F.3d 16, 33 (1st Cir.2006) (citing County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); Graham v. Connor, 490 U.S. 386, 395 (1989); S.

County Sand & Gravel Co. v. Town of South Kingstown, 160 F.3d 834, 835 (1st Cir.1998)); Ortiz-Garcia v. Pereira-Castillo, Civ. No. 07-2004(JAF), 2009 WL 2998199, slip op. at 7 (D.P.R. September 15, 2009). The Eighth Amendment applies to prison officials' deliberate indifference to a prisoner's medical problems, and plaintiff's complaint contains no factual allegation which is not properly analyzed under that rubric. See Estelle, 429 U.S. 97. Accordingly, to the extent plaintiff claims a substantive due process violation, that claim is DISMISSED as well.[1]

**D. Puerto Rico Claims**

Title 28, United States Code, Section 1367 states, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the facts that form the basis of plaintiff's federal claims also form the basis of his Puerto Rico claims. Accordingly, having retained plaintiff's Eighth Amendment claim, the court exercises supplemental jurisdiction over his claims under Article 1802 and article II, sections 1 and 12 of the Puerto Rico Constitution.

**III. CONCLUSION**

For the reasons explained above, De la Cruz's motion to dismiss (Docket No. 47) is GRANTED IN PART AND DENIED IN PART:

Delgado Arroyo's due process claims under the Fifth and Fourteenth Amendments of the

---

[1] "The protections accorded by either the Due Process Clause of the Fifth Amendment or the Due Process ... Clause of the Fourteenth Amendment apply to residents of Puerto Rico." Examining Bd. of Eng'rs, Architects and Surveyors v. Flores de Otero, 426 U.S. 572, 600 (1976). "[T]he Federal and Puerto Rico Constitutions contain analogous provisions protecting an individual's right to Due Process of Law." Nazario v. Dep't of Health of Puerto Rico, 415 F. Supp. 2d 48, 48-49 (D.P.R. 2006); compare U.S. Const. Amend. XIV, § 1 with P.R. Const. art. II, § 7. Because plaintiff has failed to state a due process claim, neither the Fifth or Fourteenth Amendments to the Federal Constitution nor article II, section 7 of the Puerto Rico Constitution protect him in this case.

U.S. Constitution and article II, section 7 of the Puerto Rico Constitution are DISMISSED with prejudice as to all defendants. His claims under the Eighth Amendment, Article 1802, and article II, sections 1 and 7 of the Puerto Rico Constitution remain.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of March, 2010.

s/Marcos E. López
United States Magistrate Judge
